HARRIS, J.,
dissenting.
While I agree that dismissal of this action would be too harsh in this case, I believe it should be made clear that counsel has no right to impose conditions on complying with pre-suit discovery. In this case, counsel first insisted on a stipulation creating a presumption of negligence on the part of defendants if the x-rays were lost or damaged during discovery. Although this requirement was later withdrawn, two conditions for compliance remained. Plaintiffs refusal to comply with the discovery requests extended the discovery past the legislatively imposed deadline. There is no authority for counsel’s imposition of conditions for complying with discovery. If counsel has a problem with complying with discovery, the issue should be presented to the court for a protection order. Mere non-compliance is not an option. The doctrine of spoilation of evidence would have been the remedy had problems with handling the evidence occurred. The court improperly blamed both sides for the delay caused by counsel’s unjustified insistence on the stipulation and other conditions. Because courts should not be so cavalier about legislative time standards, the judge herein should have found a violation of pre-suit discovery and imposed a reasonable sanction.